UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:24-cv-60265-DMM

HOWARD COHAN,

        Plaintiff,

vs.

WM GAS LLC, a Florida LLC,
d/b/a HERON BAY SHELL,

        Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS AND INCORPORATED MEMORANDUM OF LAW

Defendant, by and through the undersigned counsel, and pursuant to Rule 12(b) and 12(c), Fed.R.Civ.P., hereby files this Motion to Dismiss Plaintiff's Complaint and/or Motion for Judgment on the Pleadings and Incorporated Memorandum of Law, and in support states as follows:

1.     Plaintiff filed this two-count Complaint for alleged: (1) violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12201, *et seq.* ("ADA")(Count I); and (2) breach of contract for allegedly violating the terms of a Settlement Agreement reached in a prior ADA action between the same parties and concerning the same property (Count II).

2.     In the Complaint (ECF No. 1), Plaintiff makes the following allegations, which are undisputed for purposes of this Motion to Dismiss:

> 5.     Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit, and is located at 5966 Coral Ridge Dr, Coral Springs, FL 33076, ("Premises"), and is the owner of the improvements where Premises is located.

10. On or about January 25, 2018, Plaintiff filed a lawsuit against Defendant seeking to force Defendant to comply with the ADA and applicable regulations thereto. See *HOWARD COHAN v. WM GAS LLC*, 0:18-CFV-6014-KMW (S.D. Fla.).

11. On or about March 7, 2018, Plaintiff's suit was dismissed upon stipulation and notice to the U.S. District Court that the parties had settled.

12. In connection with said dismissal, Plaintiff and Defendant entered into a Settlement Agreement and Release (Exhibit A) on or about March 1, 2018.

*See* Complaint (ECF No. 1), ¶¶5, 10, 11, and 12.

**Basis for Dismissal of Count I: Release.**

3. As to Count I, Plaintiff purports to allege disability discrimination under the ADA for (1) alleged ADA violations that are covered by the prior settlement agreement ADA involving the restrooms inside of the property (*see* Complaint, ¶36(a – i)); and (2) alleged ADA violations that are not covered by the prior settlement agreement involving the pathway to the store (*see* Complaint, ¶36(j)).

4. The Settlement Agreement in the prior action addressed remediation of alleged barriers to access concerning the restrooms within the property. *See* Settlement Agreement, ¶1 (ECF No. 1-1).

5. The Settlement Agreement did not address remediation of alleged barriers to access on the exterior of the property including the pathway to the store. *See* Settlement Agreement, ¶1 (ECF No. 1-1).

6. The Settlement Agreement entered in the prior action contains the following provisions:

2. Release. In exchange for the good and valuable consideration set forth herein, the sufficiency of which is hereby acknowledged, **the parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or**

**through them, jointly and severally (collectively the "Releasing Parties"), hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members, affiliated entities, and any entity or person related to them, jointly and severally (hereinafter the "Released Parties"), from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property and this subject litigation arising under Title III of the ADA** including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs required to be paid by Defendant pursuant to paragraph 4 of this Agreement.

       3.    <u>**Right to Bring Suit to Enforce this Agreement:**</u> **Plaintiff reserves the right to bring suit against Defendant if Defendant fails to make the above referenced modification(s) listed in paragraph 1 within eight (8) months of the signing of this Agreement.**

       10.    <u>Dismissal.</u> Within ten (10) business days of the date this agreement is fully executed and upon receipt and clearance of the settlement funds, Plaintiff shall file a Stipulation for Dismissal with Prejudice dismissing Defendant from this suit. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

       13.    <u>**Covenant Not to Sue**</u>**. Plaintiff hereby covenants and agrees that he will not file or permit to be filed on his behalf, any action, suit or administrative proceeding, or take any other action which seeks to pursue or enforce any claim, demand, cause of action, suit or liability which he has released herein.**

*See* Settlement Agreement, ¶¶2, 3, 10 and 13 (ECF No. 1-1)(bold emphasis added).

       7.    Under the express terms of the Settlement Agreement, Plaintiff released Defendant from all claims and causes of action with respect to the Property and Title III of the ADA, including both the alleged interior restroom violations and the alleged exterior pathway to store violations. *Id.* at ¶2. Simply put, Plaintiff released his right to bring an action under Title III of the ADA for any and all alleged ADA violations at the Property, such as those he attempts to raise in Count I of the Complaint. Therefore, Count I of the Complaint must be dismissed and/or judgment should be entered on the pleadings as all claims under the ADA were released by Plaintiff.

**Basis for Dismissal of Count II: Lack of Jurisdiction.**

8.     The Settlement Agreement did not, however, leave Plaintiff without recourse for alleged ADA violations covered by the Settlement Agreement. To the contrary, it specifically provides that Plaintiff may file a lawsuit to enforce the Agreement, but only as to any claims that have not been released:

> **3.     Right to Bring Suit to Enforce this Agreement: Plaintiff reserves the right to bring suit against Defendant if Defendant fails to make the above referenced modification(s) listed in paragraph 1 within eight (8) months of the signing of this Agreement.**

> 10.     Dismissal. Within ten (10) business days of the date this agreement is fully executed and upon receipt and clearance of the settlement funds, Plaintiff shall file a Stipulation for Dismissal with Prejudice dismissing Defendant from this suit. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

> **13.     Covenant Not to Sue. Plaintiff hereby covenants and agrees that he will not file or permit to be filed on his behalf, any action, suit or administrative proceeding, or take any other action which seeks to pursue or enforce any claim, demand, cause of action, suit or liability which he has released herein.**

*See* Settlement Agreement, ¶¶3, 10 and 13 (ECF No. 1-1)(bold emphasis added).

9.     But this Court is not the correct forum for a breach of contract lawsuit. The Court in the prior matter did not retain jurisdiction over the dispute. In fact, the Parties were expressly provided with the opportunity to file the Settlement Agreement with the Court in order for the Court to retain jurisdiction. *See Howard Cohan v. WM Gas LLC*, USDC S.D. Fla. Case No. 0:18-CFV-6014-KMW (ECF No. 12-13). However, when the Parties did not file the Settlement Agreement, the Court dismissed the action without retaining jurisdiction. *Id.*

10.     The Eleventh Circuit has outlined the steps that parties dismissing a case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) must follow to ensure that the Court retains jurisdiction to enforce their settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir.

2012) (setting the framework for the application of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) within the Eleventh Circuit).  A review of the Court record in the prior action reveals that the dismissal of the case does not comply with the Eleventh Circuit's holding in *Anago* and, as such, the Court did not retain jurisdiction to enforce the Settlement Agreement. In fact, Plaintiff implicitly acknowledges this reality by not seeking to refile the action before the same Court/ Judge from the prior action, as would be appropriate if that Court had retained jurisdiction.

11.    Accordingly, Plaintiff's claim in Count II for breach of contract should be dismissed for lack of jurisdiction.

WHEREFORE, and based on all of the foregoing, and Defendant's Memorandum of Law, the Court should dismiss Plaintiff's Complaint in the instant action with prejudice.

## MEMORANDUM OF LAW

### I.    Legal Standards on a Motion to Dismiss.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc*., 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist*., 992 F. 2d 1171, 1174 (11th Cir. 1993)).

5

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id*.

On the instant Motion to Dismiss, the Court also can and should consider the Settlement Agreement attached as an exhibit to the Complaint. *See* Complaint (ECF No. 1-1). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See*

6

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005).

## II.    Legal Standard for Judgment on the Pleadings.

Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008).  A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A court shall grant a motion to dismiss for failure to state a claim on which relief may be granted where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

## III.    Legal Standard in Jurisdictional Disputes.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction. While Plaintiff here may assume that the Court has jurisdiction over the action, it is "to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction. *See, e.g., id.* at 381–82 (holding that the district court could not enforce the parties' settlement agreement because the court's order

of dismissal did not reserve jurisdiction to do so). The law since *Kokkonen* has been clear that a district court is divested of jurisdiction upon entry of an order of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), unless the court specifically retains jurisdiction over the dispute in the order of dismissal. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280–81 (11th Cir. 2012) (internal citation omitted) ("It is undoubtedly true that all parties must consent to the retention of jurisdiction over the enforcement of a settlement agreement if the case is dismissed by stipulation of all parties, but that agreement alone is not sufficient.  The district court must also issue an order specifically retaining jurisdiction in accordance with *Kokkonen* because ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations."); *Otegui v. City Works Constr. LLC*, No. 14-21057-CIV, 2017 WL 945638, at *3 (S.D. Fla. Jan. 17, 2017) (finding court was without jurisdiction to enforce the terms of parties' settlement agreement, even if they consent).

In this case, the District Court did not enter an order retaining jurisdiction prior to the Parties filing their Stipulation. *Cf. Anago Franchising*, 677 F.3d at 1280 ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction."). And while the Parties in the prior action may have agreed that the District Court should retain jurisdiction to enforce the terms of their Settlement Agreement, they did not abide by the District Court's order to file the Settlement Agreement and, in any event, the District Court did not retain jurisdiction in the final order.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendant

By:     /s/Todd W. Shulby, Esq.
        Florida Bar No.: 068365

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Gregory S. Sconzo, Esq.

I HEREBY CERTIFY that on March 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will mail a copy of the foregoing and notice of electronic filing to the following non-CM/ECF participants: None.

By:     /s/Todd W. Shulby, Esq.
        For Todd W. Shulby, P.A.

9